UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
*Eastern Division*
*Office of the Clerk*

*Robert R. Di Trolio, Clerk*
*242 Federal Building*
*167 N. Main Street*
*Memphis, Tennessee 38103*
*(901) 495-1200*

*Deputy-in-Charge*
*U.S. Courthouse, Room 262*
*111 South Highland Avenue*
*Jackson, Tennessee 38301*
*(731) 421-9200*

# NOTICE OF SETTING
Before Judge Diane K. Vescovo, United States Magistrate Judge

September 12, 2005

RE:   1:04cv1284-T/V
      Carolyn V. Scott vs. William Rogers, et al

Dear Sir/Madam:

A(n) **SCHEDULING CONFERENCE** has been **SET** before **Judge Diane K. Vescovo** on **THURSDAY, September 22, 2005 at 9:30 A.M. in Courtroom 5, 3rd floor of the Federal Building, Memphis, Tennessee.**

Please submit a joint proposed Scheduling Order prepared according to the attached form order to Judge Vescovo's chambers by Friday, September 16, 2005. You may e-mail the order to carol_vinson@tnwd.uscourts.gov.

If the order is approved, the conference will be cancelled and you will be notified. (If you would like to receive the form order in WordPerfect format via email, please call Carol Vinson at 901-495-1307.)

If you have any questions, please contact Carol Vinson, Secretary to Magistrate Judge Diane K. Vescovo at 901-495-1351.

Sincerely,
ROBERT R. DI TROLIO, CLERK

BY: *Evelyn Cheairs*
Evelyn Cheairs, Case Manager
731-421-9207

*35*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Office of the Clerk

INSTRUCTIONS CONCERNING
RULE 16(b) SCHEDULING CONFERENCE

I. DUTY TO NOTIFY

Since this scheduling conference may be set before the defendant[s] has been served or has appeared in the case, counsel for the plaintiff is responsible for notification of defendant[s] or defendant[s]' counsel of the setting of the first Rule 16(b) Conference. If plaintiff's counsel is unable to notify the defendant[s] or defendant[s]' counsel, then plaintiff's counsel shall, at least two (2) working days prior to the scheduled Rule 16(b) Conference, so notify the Court.

II. DUTY TO CONFER

Prior to the scheduling conference, counsel are required to consult regarding schedules for completion of discovery, filing of motions, trial and pretrial activities and other matters addressed in these instructions.

III. ATTENDANCE REQUIRED

The attendance of all unrepresented parties and lead trial counsel for each represented party is required at the scheduling conference; the unrepresented parties and counsel must be prepared to address any pending motions or motions which may be raised orally at the conference. Failure to appear may result in the imposition of sanctions. (See ¶ VII.)

Out-of-town counsel may request permission from the magistrate judge to handle the conference by telephone, <u>provided the request is made within seven (7) days of the date of this letter</u>. <u>The request must be made in writing and must include names and telephone numbers of all parties</u>. The conference call for the scheduling conference will be initiated by the judge's chambers.

IV. INITIAL DISCLOSURE

Fed.R.Civ.P. Rule 26(a)(1) & (2) and Rule 26(f) will be enforced. Therefore, in accordance with Fed.R.Civ.P. 26(f), the parties shall, at least 14 days prior to the Rule 16(b) scheduling conference, meet for discussions in accordance with Rule 26(f) and for the purpose of preparing a proposed discovery plan. The parties shall file a written report outlining the proposed discovery plan at least 4 days prior to the first conference. Counsel should refer to Form 35, Appendix of Forms to Fed.R.Civ.P., for a checklist of items to be discussed at the Rule 26(f) meeting and included in the written report. Moreover, with in 10 days of the 26(f) meeting (i.e. at least 4 days <u>prior</u> to the scheduling conference), the parties[1] shall make disclosure pursuant to Rule 26(a)(1) without formal discovery requests. Counsel are further advised that, absent any agreement of the parties, no formal discovery demand may issue pending the meeting under Rule 26(f). Unless the parties stipulate otherwise, the number of interrogatories will be limited to 25 in accordance with Fed.R.Civ.P. 33, and the number of depositions will be limited to ten in accordance with Fed.R.Civ.P. 30.

V. REQUEST FOR EXEMPTION FROM RULE 26

Counsel or parties wishing to request that they not be required to comply with provisions of Rule 26(a) or (f) of the Federal Rules of Civil Procedure, must adhere to the following procedure in making the request. Requests are to be made by motion in writing in compliance with local rules of this court. Requests for exemption from the disclosure provisions of Rule 26(a) must be made at least ten days before the date disclosure is required by the rule. Requests for exemption from the Rule 26(f) meeting requirements must be made at least seven days before the date scheduled for the meeting or, if the parties have scheduled no meeting, at least twenty-one days before the date of the scheduling conference.

VI. SUBJECTS AT CONFERENCE

Generally, at the scheduling conference, the following subjects will be addressed:

1. The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

---

[1]Except for parties in pro se prisoner litigation.

2.  Jurisdictional and statute of limitations issues (all jurisdictional questions or timeliness questions should be reviewed in advance of the scheduling conference and, if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[2]

3.  Setting of all deadlines for filing preliminary motions, the establishment of all deadlines for discovery (including disclosure of expert witness information where appropriate), the establishment of final deadlines for filing pretrial motions (including all motions for summary judgment), joining parties, amending pleadings, the establishment of pretrial conference and trial dates, and the establishment of any other appropriate deadlines. The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

4.  The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

5.  The possibility of settlement, your position regarding settlement, and the desire of the parties to utilize alternative dispute resolution, including the court-annexed mediation program plan or private mediation;

6.  Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas <u>duces tecum</u> to third parties);

7.  Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

---

[2]Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

8.  Estimated trial time, and any special issues anticipated in connection with trial; and

9.  Any pending motions or motions which may be raised orally at the conference.

VII.  ORDER TO BE ENTERED

An order will be entered reflecting the results of the scheduling conference. The order will include deadlines for filing motions and completing discovery, and the establishment of pretrial conference and trial dates. Attached as Exhibit "A" to this notice is a Form Rule 16(b) Scheduling Order which counsel may use as a proposed order after developing appropriate agreed-upon deadlines.

VIII.  SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an <u>ex parte</u> hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

———————————————————————————————

|  |  |
|---|---|
| Plaintiff, | ) ) ) ) ) |
| vs. | ) ) ) ) ) ) |
| Defendant. | ) ) ) |

———————————————————————————————

MODEL SCHEDULING ORDER FOR ROUTINE CASES
[This contemplates a Rule 16(b) scheduling conference
to be held within 60 days of the filing of
the complaint and trial within 12-14 months
of the filing of the complaint.]

———————————————————————————————

Pursuant to written notice, a scheduling conference was held _____. Present were _____, counsel for plaintiff, and _____, counsel for defendants. At the conference, the following dates were established as the final dates for:

**INITIAL DISCLOSURES PURSUANT TO Fed.R.Civ.P. 26(a)(1):**
14 days after the 26(f) conference. If not made before the Rule 16(b) conference, then 14 days after the Rule 16(b) conference.

**JOINING PARTIES:** within 2 months after conference

**AMENDING PLEADINGS:** within 2 months after conference

**INITIAL MOTIONS TO DISMISS:** within 3 months after conference

**COMPLETING ALL DISCOVERY:** within 6 to 8 months after conference

(a) **DOCUMENT PRODUCTION:** (Same as discovery deadline or at intervals during the discovery period)

(b) **DEPOSITIONS, INTERROGATORIES AND REQUESTS FOR ADMISSIONS:** (Same as discovery deadline or at intervals during the discovery period)

(c) **EXPERT WITNESS DISCLOSURE (Rule 26):**

   (1) **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:** 2 months before after close of discovery

   (2) **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:** 1 month before close of discovery

   (3) **EXPERT WITNESS DEPOSITIONS:** by discovery deadline

**FILING DISPOSITIVE MOTIONS:** within 1 month of close of discovery

**OTHER RELEVANT MATTERS:**

No depositions may be scheduled to occur after the discovery cutoff date. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

This case is set for jury/non-jury trial. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

This case is appropriate for ADR. The parties are directed to engage in court-annexed attorney mediation or private mediation before close of discovery.

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

At this time, the parties have not given consideration to whether they wish to consent to trial before the magistrate judge. The parties will file a written consent form with the court should they decide to proceed before the magistrate judge.

The parties have/have not consented to trial before the magistrate judge.

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

_____
DIANE K. VESCOVO
United States Magistrate Judge

_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 1:04-CV-01284 was distributed by fax, mail, or direct printing on September 12, 2005 to the parties listed.

---

Carthel L. Smith
LAW OFFICES OF CARTHEL SMITH, JR.
85 E. Church Street
Lexington, TN 38351

Michael L. Weinman
WEINMAN & ASSOCIATES
114 S. Liberty St.
Jackson, TN 38302

Carol Gish
WEST TENNESSEE LEGAL SERVICES, INC.
210 West Main St.
Jackson, TN 38301

Bradley G. Kirk
CARTER STANFILL & KIRK
25 Natchez Trace Dr.
Lexington, TN 38351

Honorable James Todd
US DISTRICT COURT